Jonathan Madison, SBN #311553
The Madison Firm
345 California Street, Suite 600
San Francisco, California 94104
Telephone: (415) 779-3177
jmadison@themadisonfirm.com

Attorneys for Debtor,
SOUTH HAYWARD VENTURES LLC

# UNITED STATES BANKRUPTCY COURT

# IN THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In Re:** | Case No: 25-41970 |
| **SOUTH HAYWARD VENTURES LLC** | Chapter 11 |
| DEBTOR, | **AFFIDAVIT OF PROPOSED ATTORNEY FOR EMPLOYMENT BY DEBTOR** |

1. I, Jonathan Madison, Esq., am an attorney at law duly licensed to practice in the above captioned court.

2. I maintain an office at the aforementioned address.

3. To the best of my knowledge, neither I nor any other member of my firm have or represents any interest adverse to the debtor or its estate.

4. The Application for Employment of Attorney complies with Bankruptcy Code Sections 327, 329 and Bankruptcy Rules 2014, 2016 and 5002.

5. Neither I nor any member of my staff herein is related in any way to the judge making the appointment of attorney;

6. A disclosure statement regarding compensation is being filed with this court concurrently with this application. The debtor has agreed to pay me $5,000 as a retainer for this case and has not yet remitted any funds.

7. My current hourly rate is $525.00. I agreed to represent the debtor under the aforementioned hourly rate subject to the approval of this court. Attached and incorporated by reference is a copy of the retainer agreement with the debtor.

8. The debtor has never employed me any for prior legal matters.

9. Neither does the debtor owe me any monies nor do I owe the debtor any monies. I declare under penalty of perjury that the foregoing is true and correct.

11. To the best of my knowledge, neither I nor any member of my office have any interest adverse to the debtor or its estate in any of the matters upon which I am to be engaged and I believe that my employment would be in the best interests of this estate.

12. Neither I nor any member of my office is an insider of the debtor, hold any interests of the debtor nor related to the debtor in any way except as its counsel and, otherwise, I have no stake in the debtor's assets or liabilities. Neither I nor any member of my office are related to the debtor nor to its accountants or attorneys in any way except as its counsel, are not related to the debtor's creditors, their respective attorneys, or accountants, the U.S. trustee, the trustee's staff or members of the trustee's office, nor any other party in interest.

13. A true copy of my retainer agreement with the debtor is attached and incorporated by reference.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 10, 2025 at San Francisco, California.

    / s / Jonathan madison
    Jonathan Madison, Esq.

2

**DECLARATION**

Docusign Envelope ID: 3F5BBC21-67CE-4B6E-A14A-C0877D1ED52A



**THE MADISON FIRM**
**345 CALIFORNIA STREET SUITE 600**
**SAN FRANCISCO, CA 94104**
**(415) 779-3177**

**DATED: November 24, 2025**

**ATTORNEY-CLIENT FEE AGREEMENT**
**LIMITED SCOPE CHAPTER 11 BANKRUPTCY**

This Attorney-Client Fee Agreement ("Agreement") is entered into as of November 24, 2025, between **THE MADISON FIRM**, a professional law corporation ("Attorney"), and **SOUTH HAYWARD VENTURES LLC** ("Client").

## 1. Scope of Services

Attorney agrees to represent Client in connection with the filing and administration of a Chapter 11 bankruptcy case, including but not limited to:

- Legal advice and counseling regarding bankruptcy options and obligations;
- Preparation and filing of the Chapter 11 petition, schedules, and related documents;
- Communication with the U.S. Trustee and creditors;
- Attendance at the § 341 Meeting of Creditors and court hearings;
- Preparation and filing of a disclosure statement and plan of reorganization;
- Legal representation throughout the pendency of the bankruptcy case s.

**Excluded Services:** This agreement does not include representation in adversary proceedings, appeals, or contested matters unless separately agreed to in writing.

## 2. Fees and Retainer

Client agrees to pay Attorney a retainer of **$5,000**, to be applied against fees and costs incurred in connection with this matter subject to court approval. Attorney's current hourly rate is **$525.00**, and time will be billed in tenth-of-an-hour increments. Paralegal time may be billed at [$225/hour].

Any unused portion of the retainer will be held in trust and applied to future invoices or refunded at the conclusion of representation subject to court approval.

## 3. Billable Time

Attorney will charge for all time reasonably and necessarily expended on Client's case, including but not limited to telephone and in-person conferences with the Client, opposing counsel, the Bankruptcy Court, the U.S. Trustee, and other parties in interest; drafting and reviewing documents; preparing and filing pleadings; court appearances; legal research; correspondence; and administrative tasks directly related to the matter. Time is recorded in minimum increments

of one-tenth (.1) of an hour. Each time entry will include a brief description of the work performed. Billable time will be charged at the hourly rates in effect at the time the services are performed. The current hourly rate for the principal attorney is $525.00, and may be adjusted upon notice to the Client and with Bankruptcy Court approval as required.

## 4. Costs and Expenses

In addition to attorney's fees, Client agrees to reimburse Attorney for all reasonable and necessary out-of-pocket costs and expenses incurred in connection with the representation subject to court approval. These may include, but are not limited to, court filing fees, service of process charges, messenger or delivery services, travel expenses, court reporter fees, transcript costs, photocopying, postage, and electronic legal research charges. Attorney may advance such costs on behalf of Client and submit them on itemized billing statements. Client understands that some costs may be payable in advance or directly by the Client. All such costs are subject to review and approval by the Bankruptcy Court if required. Client agrees to promptly reimburse Attorney for any approved costs as invoiced.

## 5. Court Approval Required

Client understands that:

- Attorney's employment is subject to approval by the U.S. Bankruptcy Court pursuant to 11 U.S.C. § 327;
- Compensation is subject to Court approval under 11 U.S.C. § 330;
- Attorney must file fee applications and disclose any compensation received;
- Client consents to the filing of such applications and disclosures as required.

## 6. Client Cooperation

Client agrees to provide accurate information, attend all required hearings, and cooperate fully in the prosecution of the Chapter 11 case.

## 7. Termination

Either party may terminate this Agreement in writing. In the event of termination, Attorney will request approval from the Bankruptcy Court to withdraw, and Client agrees to pay for all fees and costs incurred up to the date of termination, subject to Court approval.

## 8. Withdrawal of Representation

Attorney may withdraw from representation of Client with the approval of the Bankruptcy Court as required under applicable law and rules. Grounds for withdrawal may include, but are not limited to: Client's failure to fulfill financial obligations under this Agreement, failure to cooperate or communicate with Attorney in a timely and honest manner, the existence of a conflict of interest, or any conduct by Client that renders continued representation unlawful, unethical, or impractical.

In such event, Attorney will take reasonable steps to protect Client's interests, including giving reasonable notice, allowing time for employment of substitute counsel, and, if required, submitting a motion to withdraw for approval by the Bankruptcy Court. Client acknowledges that in a Chapter 11 proceeding, Attorney's withdrawal must be approved by the Court and may not be effective until such approval is granted.

## 9. Disclosures to Client

Attorney has disclosed all connections and potential conflicts as required by FRBP 2014 and 2016. A separate Statement of Compensation under FRBP 2016(b) will be filed.

This engagement is based on an hourly fee arrangement, and not on a contingency fee basis. However, the Client is advised that under California Business and Professions Code Section 6147, attorneys who contract to represent a client on a contingency fee basis (i.e., where the attorney's compensation depends on the outcome or recovery in the case) are required to include specific disclosures in the written fee agreement.

While this agreement does not constitute a contingency fee arrangement, the Client should be aware that any portion of attorney's compensation that is ultimately approved by the Bankruptcy Court based on a percentage of the recovery may be subject to similar principles of disclosure and fairness. Any such contingency-based recovery must be disclosed in advance and approved by the Bankruptcy Court under applicable provisions of the Bankruptcy Code, including 11 U.S.C. §§ 328 and 330, and Federal Rules of Bankruptcy Procedure 2016.

## 10. Specified Limitation on Scope of Representation

This Agreement covers representation solely in connection with the filing and administration of a Chapter 11 bankruptcy proceeding for the Client, including preparation and filing of the petition, review of schedules and attendance at hearings and the meeting of creditors, the preparation of a disclosure statement and reorganization plan.

This Agreement does not include representation in any of the following matters unless specifically agreed upon in a separate written agreement:

- Adversary proceedings (i.e., lawsuits within the bankruptcy case),
- Appeals,
- Contested matters (e.g., objections to claims, plan confirmation disputes, motions for relief from stay),
- Actions involving third-party litigation, state court matters, or non-bankruptcy proceedings,
- Tax disputes, criminal defense, or regulatory investigations,
- Representation of individual members, officers, or affiliates of the Client in their personal capacities.
- Disclosure statements or plans of reorganization.

In addition, the attorney is not responsible for the preparation, compilation, or filing of Monthly Operating Reports (MORs) or any required accounting or bookkeeping. Client acknowledges that it is solely responsible for hiring a qualified accountant or financial professional to prepare and timely file all required MORs and financial disclosures as mandated by the U.S. Trustee and the Bankruptcy Court.

If services beyond the scope described above become necessary, attorney may provide them under a separate written agreement and at additional cost, subject to court approval where applicable.

## 10. Effective Date

This Agreement shall become effective on the date it is signed by both the Client and Attorney, and shall govern all services rendered by Attorney in connection with the Chapter 11 case commencing on or after that date. Notwithstanding the date of execution, the effectiveness of Attorney's representation is subject to approval by the United States Bankruptcy Court pursuant to 11 U.S.C. § 327 and applicable rules. If such approval is not granted, this Agreement shall be deemed void and of no further effect, and neither party shall have any further obligation to the other, except for payment of fees and costs incurred to the extent allowed by the Court.

**THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. CLIENT WILL RECEIVE A FULLY EXECUTED COPY OF THIS AGREEMENT.**

DATED: 12/10/2025

Asad Kahn, Officer,
HILLSIDE APARTMENTS LLC

DATED: _12/10/2025_____

THE MADISON FIRM