**WRIGHT, FINLAY & ZAK, LLP**
ARNOLD L. GRAFF, ESQ. SBN 269170
agraff@wrightlegal.net
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Telephone: (949) 477-5050
Facsimile: (949) 608-9142
WFZ #252-20252779.001

Attorneys for Movant,
29181 DIXON LLC, AN ARIZONA LIMITED LIABILITY COMPANY

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>SOUTH HAYWARD VENTURES, LLC,<br><br>Debtors. | Case No.: 25-41970-WJL<br>Chapter: 11<br>R.S. No. ALG-1<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOVANT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) AND (d)(4) (REAL PROPERTY)**<br><br><u>Hearing:</u><br>Date: February 25, 2026<br>Time: 9:30 a.m.<br>Crtrm: 220 (Hybrid)<br>Location: United States Bankruptcy Court<br>　　　　　1300 Clay Street<br>　　　　　Oakland, CA 94612 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOVANT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO <u>11 U.S.C. § 362(d)(1) AND (d)(4) (REAL PROPERTY)</u>**

29181 DIXON LLC, AN ARIZONA LIMITED LIABILITY COMPANY ("Movant" or "Creditor") submits the following memorandum of points and authorities in support of its Motion For Relief from the Automatic Stay ("Motion").

---

1

## I. INTRODUCTION

This Motion is being brought pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(4), for cause, because:

1) This is Debtor's second consecutive bankruptcy, with the first case being promptly dismissed for Debtor's failure to comply with multiple court rules/orders;

2) Debtor has failed to obtain court approval of the employment of Debtor's counsel in this new chapter 11 case, despite the case commencing nearly 100 days ago;

3) Debtor has failed to file a status conference statement 14-days before both the scheduled status conferences,

4) Debtor has failed to file any and all Monthly Operating Reports,

5) Debtor has failed to appear at the initially scheduled 341(a) creditor's meeting,

6) Debtor failed to appear at the initial status conference hearing.

7) Debtor filed many schedules and other financial documents that are blank

8) Debtor filed the two consecutive bad faith bankruptcy cases without the assistance of counsel right after Movant offered a loan workout to Debtor,

9) Debtor has made no ongoing payments on Movant's fully matured loan,

10) Whatever equity remaining in the Property continues to dwindle fast while Debtor has simply parked in bankruptcy, and

11) Neither Debtor nor any of the Subject Properties (which are vacant lots) is generating any income, and there are no other significant assets in Debtor's estate.

Based on the totality of the circumstances, this second consecutive Bankruptcy was clearly filed for the bad faith purpose of improperly delaying and/or preventing Movant from finally proceeding with its state law remedies for as long as possible, while payments continue not being made and Debtor continues to enjoy possession and control of the Property.

## II. FACTUAL AND PROCEDURAL SUMMARY

### A. Loan Documents

On or about January 29, 2024, the borrower SOUTH HAYWARD VENTURES, LLC ("Borrower" or "Debtor") obtained a loan in the original amount of $157,085.00 ("Loan") from Movant, which secured repayment of the subject loan via a Deed of Trust ("Deed of Trust"), recorded against the real properties located at 29181 Dixon Street, Hayward, CA 94544 (the "Dixon Property"), 216 Valle Vista Ave., Hayward, CA 94544 ("216 Valle Vista"), and 218 Valle Vista Ave., Hayward, CA 94544 ("216 Valle Vista", collectively, the "Subject Properties"), on January 31, 2024, in the Alameda County Recorder's Office. The Loan requires monthly principal-only payments of $655.00 each, commencing March 1, 2024 and continuing each month until a full lumpsum payment of the total remaining principal balance, plus unpaid fees, costs interest and advances, became due on February 1, 2025 (the "Maturity Date"). True and correct copies of the Note and Deed of Trust are attached as **Exhibit "1"** and **Exhibit "2"** to the Supporting Declaration of Don Gieseke (*"Gieseke Dec"*), which is being filed concurrently with the Motion.

Debtor subsequently defaulted on the terms of the Loan, which caused Movant to commence foreclosure proceedings. [*See* Gieseke Dec. ¶ 7].

### B. Bankruptcy Case Filings

#### a) First Bankruptcy

On September 22, 2025, to prevent Movant from proceeding to foreclosure, Debtor filed a prior petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, Oakland Division, as Case No. 25−41728-CN (the "First Bankruptcy")[*See* ECF #1]. The First Bankruptcy was quickly dismissed on October 7, 2025,

Case: 25-41970    Doc# 23-1    Filed: 02/05/26    Entered: 02/05/26 10:40:04    Page 3 of 9

for Debtor's failure to file a substantial amount of information with the court, and for Debtor's failure to retain counsel in the chapter 11 case. [*See* Gieseke Dec, **Exhibit "3"**].

### b) Second (and Instant) Bankruptcy

On October 21, 2025, mere weeks after the First Bankruptcy was dismissed, to once again prevent Movant from proceeding with its rescheduled foreclosure sale, Debtor yet another incomplete petition under Chapter 11 of the Bankruptcy Code *without the required representation of counsel,* in the United States Bankruptcy Court for the Northern District of California, Oakland Division, as Case No. 23-41970-WJL, commencing this case (the "Instant Bankruptcy")[*See* ECF #1]**.**

Debtor's Voluntary Petition and Schedules A/B and D list no estate assets aside from the Subject Properties and a checking account with $100.00 in it. Debtor also filed the Subject Properties in his Schedule D, alleging a valuation of $2 million, and (3) a senior lien from "MFS Preferred – Realty-Investments" in the sum of $800,000 and Movant's claim in the estimated amount of $160,000.00 [ECF #14]. Debtor's Schedule E/F, G, H and Statement of Financial Affairs are completely blank, aside from listing Asad Khan as the sole owner and manager of Debtor. Thus, based on Debtor's financial documents filed in the Instant Bankruptcy under penalty of perjury, neither Debtor nor the Property is generating any income, and Debtor has no assets aside from non-income generating vacant lots. [ECF #s 1 & 14].

As of October 21, 2026, the total payoff on Movant's fully matured loan was $175,918.52. The Loan Records further reflect that, as of February 1, 2026, the loan had grown to approximately $179,907.03. [*See* Gieseke Dec., ¶ 8].

/././

/././

/././

4

### III. ARGUMENT

**A. Movant Is Entitled To Relief From The Automatic Stay Pursuant To 11 U.S.C. § 362(D)(1) Because Debtor Does Not Have Regular Income And Has Not Made Any Payments To Movant**

§ 362(d)(1) provides, in pertinent part: (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-(1) *For cause*, including the lack of adequate protection of an interest in property of such party in interest(....)

11 U.S.C. § 362(d)(1)(*emphasis added*). Cause includes a debtor's lack of equity in a property and inadequate protection of a creditor's interest in the property. *In re Ellis*, 60 B.R. 432 (9th Cir. BAP 15 1985).

The Ninth Circuit has found cause to grant relief from stay under Section 362(d)(1) when a debtor has not been diligent in carrying out his or her duties in the bankruptcy case, when a debtor has failed to make consistent and timely post-petition payments to his/her creditors, or when the debtor is using bankruptcy to delay payment or foreclosure. *In re Harlan*, 783 F.2d 839 (BAP 9th Cir. 1986); *In re Ellis*, 60 B.R. 432 (BAP 9th Cir. 1985).

Here, the Subject Loan is in substantial default under the terms of Note and Deed of Trust, as the Loan fully matured on January 1, 2025, and the total payment delinquency when this bankruptcy commenced, was $175,918.51 [See Gieseke Dec., ¶ 8]. The estimated total payoff on Movant's fully matured loan has since grown to approximately $179,907.03 [*id.* at ¶ 8]. Moreover, Debtor admittedly lacks the income to cure, or to even make adequate protection payments. on Movant's total secured claim [ECF #s 1 & 14]. Thus, stay relief is warranted under § 362(d)(1) because payments are not being made on Movant's total secured claim and Debtor lacks sufficient income to adequately protect Movant. [*id*].

/././

**B. Relief From Stay Should Be Granted Under Pursuant To 11 U.S.C. § 326(d)(1) Because The Bankruptcy Case Was Not Filed In Good Faith**

Relief from stay is appropriate under 11 U.S.C. § 362(d)(1) if a bankruptcy case was filed in bad faith. To prove "bad faith" on the part of the debtor, the moving party need only show that the instant bankruptcy was filed for an intention *other* than what is sanctioned by the Code, *not* intentional abuse by the debtor, ill will or malicious conduct. See *In re Southern Calif. Sound Systems, Inc.* 69 BR 893, 901 (BC SD CA 1987). A true measure of bad faith uses the "totality of the circumstances test," which considers all facts leading up to the filing of the bankruptcy case. *Matter of Little Creek Develop. Co.*, 779 F2d 1068, 1072 (5th Cir. 1986). "The court can determine that a debtor filed a case in bad faith based on a pattern of conduct and may impute bad faith from the timing and circumstances of the filing." *In re Eardley*, No. BAPCC-08-1175 MOMKH, 2009 WL 7809924, at *6 (B.A.P. 9th Cir. May 11, 2009) (citing *Eisen v. Curry (In re Eisen),* 14 F.3d 469 (9th Cir.1994). *See also, In re Craighead*, 377 B.R. 648 (N.D.Cal., 2007).

Courts in California have expanded the scope of bad faith stay relief under Section 362(d)(4) to apply to cases filed by seemingly innocent debtors so long as the bankruptcy is shown to be part of a larger scheme to hinder, defraud and delay the moving party through actions undertaken by the original borrower (See *In re 4th Street Investors, Inc.*, 474 B.R. 709 (Bankr. C.D. Cal. 2012).

Here, grounds clearly exist to also grant Movant relief from stay under § 362(d)(1) due to Debtor's bad faith prosecution of this case, because: (1) Movant's fully matured Loan is in severe default, (2) Debtor admittedly has no monthly income nor revenue, (3) Debtor has failed to get his alleged counsel employed by the bankruptcy court, and (4) Debtor has failed to file a mountain of required completed documents, despite this second consecutive chapter 11 bankruptcy already pending for over 100 days [*See* PACER Docket, generally]. In fact, this

6

Memorandum of Points and Authorities
Case No.: 25-41970-WJL

bankruptcy is nearly 4 months old and Debtor has done nothing to move it forward. The majority of Debtor's filed Schedules and Statement of Financial Affairs are blank, [*See* ECF #(s) 1 & 14] and Debtor has failed to utterly file any of the required monthly operating reports and status conference statements. [*See* PACER Docket, generally]. Debtor and his counsel also failed to appear at the initial required creditor's meeting and mandatory status conference hearing, without providing the court with any reason nor justification for Debtor's continual failure to appear. [*See id*].

Debtor improperly seeks to continue enjoying possession and control of the Subject Properties for as long as possible, while making no payments to creditors and completely ignoring many of the major bankruptcy procedural rules and requirements. As such, this second consecutive Bankruptcy, which was filed on the eve of Movant's scheduled foreclosure sale. Was filed for the bad faith purpose of delaying, hindering and/or defrauding Movant, and to prevent Movant from finally proceeding with its state law rights and remedies in the Property. Therefore, Movant also respectfully requests that this Court also grant it stay relief pursuant to 11 U.S.C. § 362(d)(1) on bad faith grounds.

### C. **Binding In Rem Stay Relief Is Warranted Under § 362(d)(4) Due To a Clear Scheme Consisting of Two Consecutive Bad Faith Bankruptcy Case Filings Designed to Prevent Movant from Finally Proceeding with its State Law Remedies**

Relief under § 362(d)(4) is warranted for "a creditor whose claim is secured by an interest in . . . real property, if the court finds that the filing of a petition was part of a scheme to delay, hinder, and defraud creditors that involved either—(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor

or court approval; or (B) multiple bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4).

Here, as stated above, this is the second consecutive chapter 11 bankruptcy filed by Debtor LLC within the past 5 months without the assistance of counsel, with the first case being promptly dismissed for Debtor's failure to comply with this court's initial order to retain counsel and to file nearly all the required information/documents [*See* Gieseke Dec, **Exhibit "3"**]. Now Debtor has filed this second consecutive chapter 11 bankruptcy, with admittedly little to no revenue and assets, and with a total disregard for this court's procedural requirements. Over 100 days have passed since this second consecutive bankruptcy commenced, and Debtor has still failed to comply with many of the most basic procedural requirements, such as getting the employment of his attorney approved by the court, filing completed schedules, filing basic monthly operating reports and status conference statements, and to appear at required hearings. [*See* PACER Docket, generally].

Considering the above, this Bankruptcy was clearly filed as part of a bad faith scheme, involving multiple and consecutive bankruptcy case filings, designed to thwart and prevent Movant from finally proceeding with its state law rights and remedies.. As such, binding in rem stay relief under § 362(d)(4) is also needed and respectfully requested to end this ongoing bad faith games and stall tactics, so that Movant can finally proceed with its state law rights and remedies regarding the Subject Property.

**WHEREFORE**, Movant respectfully prays for an Order of this court:

1) For an Order granting relief from and terminating the automatic stay of 11 U.S.C. § 362(a), as to Debtor and Debtor's estate to allow Movant, and or its successors and/or assigns, to proceed under applicable non-bankruptcy law to enforce its rights and remedies in the Property under the loan documents.

2) For an Order that the fourteen-day stay described by Federal Rule of Bankruptcy Procedure Rule 4001(a)(3) is waived;

3) For binding in rem relief from the automatic stay to be granted under 11 U.S.C. § 362(d)(4): if recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing;

4) That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code; and

5) For such other relief as the Court deems proper.

Respectfully submitted,
**WRIGHT, FINLAY & ZAK, LLP**

Dated: _____

By: /s/ *Arnold L. Graff*
Arnold L. Graff, Esq.
Attorneys for Movant.